IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SERGIO NEVILLE VIERA,<br>    Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institution Division,<br>    Respondent. | Civil Action No. 4:07-CV-218-Y |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Sergio Neville Viera, TDCJ # 1142558, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Livingston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On October 17, 2002, a jury found Viera guilty of three counts of aggravated sexual assault

of a child under 14 years of age in Case No. 0828885D in the 372nd District Court of Tarrant County, Texas, and, December 16, 2002, the trial court assessed his punishment at thirty years' confinement on each count. (State Habeas R. at 39-40.) On June 3, 2004, the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Viera v. Texas*, No. 2-02-514-CR, slip op. (Tex. App.–Fort Worth June 3, 2004) (not designated for publication). Thereafter, on October 27, 2004, the Texas Court of Criminal Appeals refused Viera's petition for discretionary review. *Viera v. Texas*, PDR No. 1244-04. Viera did not seek writ of certiorari. (Federal Petition at 3.) On July 12, 2006, Viera filed an application for writ of habeas corpus in state court, which was denied without written order on the findings of the trial court by the Texas Court of Criminal Appeals on March 21, 8, 2007. *Ex parte Viera*, Application No. WR-65,610-01, at cover. Viera filed this federal petition for writ of habeas corpus on March 30, 2007.[1] Quarterman has filed a motion to dismiss the action on limitations grounds.

D. ISSUES

Viera challenges his convictions and/or sentences on eighteen grounds. (Petition at 7-8 & attachment.)

E. STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] Under the federal mailbox rule, a pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Viera had for seeking certiorari in the United States Supreme Court on January 25, 2005, and closed on January 25, 2006, absent any tolling. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Viera's state habeas application filed on July 12, 2006, after expiration of the federal

---

[2]There are no allegations that the state imposed an unconstitutional impediment to the filing of Viera's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Viera's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

3

limitations period, did not operate to toll the running of the federal period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Flanagan*, 154 F.3d at 197. Viera asserts that he signed, dated and placed in the prison mail system his state habeas application on September 28, 2005; thus, under the mailbox rule, his petition is timely. The federal mailbox rule, however, does not apply to postconviction applications in state court. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Viera's federal petition was due on or before January 25, 2006. His petition, filed on March 30, 2007, was filed beyond the limitations period and is untimely.[3]

## II. RECOMMENDATION

Viera's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 21, 2007. The United States District Judge need only make a *de*

---

[3]Viera does not raise the issue nor does the court find that this is a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Viera has asserted no justification for his failure to timely file his federal habeas corpus petition, and the record reveals none. His own ignorance or mistake regarding filing deadlines is insufficient to warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).

4

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 21, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 31, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE