IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SERGIO NEVILLE VIERA,            §
                                 §
VS.                              §    CIVIL ACTION NO.4:07-CV-218-Y
                                 §
NATHANIEL QUARTERMAN,            §
Director, T.D.C.J.               §
Correctional Institutions Div., §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Sergio Neville Viera

under 28 U.S.C. § 2254, the Court has made an independent review of

the following matters in the above-styled and numbered cause:

    1.    The pleadings and record;

    2.    The proposed findings, conclusions, and recommenda-
          tion of the United States magistrate judge filed on
          July 31, 2007; and

    3.    The petitioner's written objections to the proposed
          findings, conclusions, and recommendation of the United
          States magistrate judge filed on August 22, 2007.

The Court, after **de novo** review, concludes that the Peti-

tioner's objections must be overruled, that the motion to dismiss

should be granted, and that the petition for writ of habeas corpus

should be dismissed with prejudice as time-barred pursuant to 28

U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate

judge's findings and conclusions, and as set forth herein.[1]

In his written objections to the magistrate judge's report and

recommendation that his petition be dismissed with prejudice as

---

[1]After the filing of the magistrate judge's report, Viera filed a Motion
to Receive an Expansion of the Record via Hearing and Affidavits of Petitioner's
Appellate and Trial Counsels.  As the Court has determined that the petition is
time-barred, and thus will not address the merits of Viera's claims, there is no
basis to expand the record to develop information on his substantive claims, and
the motion will be denied.

time-barred, Viera contends again that his delay in filing in this Court results from the failure of the state habeas court to timely file and consider his application for writ of habeas corpus. Viera's state habeas application is file-stamped July 12, 2006. *Ex parte Viera,* No. 65,610-01, at 2. Viera contends he delivered it on September 28, 2005. (July 30, 2007, Traverse.) As noted by the magistrate judge, the federal mailbox rule does not apply to post-conviction applications in Texas state court.[2] When a petitioner claims that his ability to file has been affected by a state proceeding, however, such claim is to be considered as a claim for equitable tolling.[3]

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[4] But the burden is on the petitioner--here, Viera--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[5] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is

---

[2]*See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. den'd,* 529 U.S. 1057 (2000); *see Causey v. Cain,* 450 F.3d 601, 605 (5th Cir. 2006)("*Coleman* is best understood as an interpretation of Texas law.")

[3]*Coleman,* 184 F.3d at 402.

[4]*See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[5]*See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

prevented in some extraordinary way from asserting his rights.'"[6] Furthermore, in order to invoke equitable relief, a petitioner must show that he pursued collateral relief with diligence.[7] Viera has not satisfied these burdens.

According to Viera's allegations, he signed and "filed" his state writ application on September 28, 2005. As it was not file-dated until July 12, 2006, Viera alleges that delay was either the fault of Texas Department of Criminal Justice ("TDCJ") officials in not mailing the document, or of state court officials in not properly filing it. Viera also contends that he wrote numerous letters to the state court "to no avail." But Viera has not sworn, under penalty of perjury, to any facts in support of these allegations. He has not cited any specifics as to any inquiries he made of TDCJ officials or of state-court officials, nor has he offered any specifics of what action he took during the almost nine-month period between September 28, 2005, and July 12, 2006 to demonstrate diligence. As such, any claim for equitable tolling is not supported, and Viera's objections must be overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner's motion to receive an expansion of the record [docket no. 16] is DENIED.

---

[6]*Coleman,* 184 F.3d at 402 (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[7]*See Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002)("[equitable tolling] will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254 . . ."), *citing Patterson,* 211 F.3d at 930.

The Respondent's motion to dismiss [docket no. 8] is GRANTED.

Sergio Neville Viera's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED August 28, 2007.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE